NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENNIE LEMAR MOORE, *Appellant.*

No. 1 CA-CR 17-0458
FILED 3-22-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-116726-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1        Bennie Moore appeals his convictions of shoplifting with an artifice or device and resisting arrest and the resulting sentences. Moore's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Moore was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Moore's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On the morning of April 10, 2016, Moore entered a convenience store. Moore immediately made his way to the back of the store and began filling a backpack with cans of beer, beef jerky, and chips. Moore then exited the store without paying for the items.

¶3        Employees at the convenience store called police while Moore was still in the store, and police approached Moore near the store shortly after the call. Police attempted to arrest Moore, but Moore clenched his fists and told the officers, "Let's go." Police arrested Moore after a short altercation in which Moore failed to follow instructions from the officers thereby resisting arrest.

¶4        Moore was indicted on charges of shoplifting with an artifice or device, shoplifting with two or more predicate convictions, and resisting arrest. However, only the charges of shoplifting with an artifice or device and resisting arrest went to the jury. After a three-day trial, the jury found Moore guilty of both counts. Moore stipulated that he had two prior felony convictions, and the court sentenced Moore to a mitigated term of eight years' imprisonment for shoplifting, to be served concurrently to a term of

3.75 years' imprisonment for resisting arrest, with 461 days' presentence incarceration credit. Moore timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.01(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶5**      We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶6**      Moore was present during the first day of trial, but voluntarily absented himself from the other stages of the proceeding until sentencing. Moore was represented by counsel at all proceedings. The record reflects the superior court afforded Moore all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Moore's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶7**      Moore's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Moore's representation in this appeal will end after informing Moore of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:  AA